01

02

03

04

05

06

07                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
08                                     AT SEATTLE

09   NORTHWEST ADMINISTRATORS, INC., )    CASE NO. C09-0340-MAT
                                      )
10        Plaintiff,                  )
                                      )
11        v.                          )    ORDER GRANTING
                                      )    PLAINTIFF'S MOTION FOR
12   FRED HILL MATERIALS, INC.,       )    SUMMARY JUDGMENT
                                      )
13        Defendant.                  )
     _____ )
14

15        Plaintiff Northwest Administrators, Inc. moves the Court for summary judgment

16   against defendant Fred Hill Materials, Inc.  (Dkts. 7 & 8.)  This matter was brought pursuant

17   to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

18   Defendant is bound by a collective bargaining agreement with Local 589 of the International

19   Brotherhood of Teamsters, which requires defendant to pay monthly contributions to the

20   Western Conference of Teamsters Pension Trust Fund (hereinafter "Trust") for eligible

21   employees.  (*See* Dkt. 9, Ex. A.)  Defendant also signed an Agreement and Declaration of

22   Trust containing terms as to damages owed as a result of any delinquent contributions, as well

01    as attorneys' fees and costs. (*Id*., Ex. B.) Plaintiff is the authorized administrative agent for

02    and assignee of the Trust and seeks delinquent contributions to the Trust, as well as associated

03    damages, attorneys' fees, and costs for the period from January 2009 through March 2009.

04    Plaintiff attaches remittance reports from defendant for the months in question and a

05    spreadsheet showing the amounts of contributions owed, their due dates, and calculations of

06    liquidated damages, interest, attorneys' fees, and costs. (*Id*., Exs. C & D.)

07       In its answer to plaintiff's complaint, defendant acknowledged that it was a party to the

08    above-described agreements, admitted that it failed to report for and pay some, but not all, of

09    the relief requested, admitted that its records contained detailed information necessary to

10    determine the extent of its unpaid allegations to plaintiff, but otherwise denied plaintiff's

11    allegations. (Dkt. 5.) Defendant did not oppose plaintiff's motion for summary judgment.

12    The Court deems defendant's failure to oppose to be an admission that plaintiff's motion has

13    merit. *See* Local Civil Rule 7(b)(2). The Court also, for the reasons described below, finds

14    plaintiff entitled to summary judgment.

15       Summary judgment is appropriate when "the pleadings, depositions, answers to

16    interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

17    genuine issue as to any material fact and that the moving party is entitled to a judgment as a

18    matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

19    The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

20    make a sufficient showing on an essential element of his case with respect to which he has the

21    burden of proof. *See Celotex*, 477 U.S. at 322-23.

22       ERISA obligates participating employers to make contributions to a multi-employer

01 | trust fund in accordance with the contract and trust agreement.  *See* ERISA Section 515, 29

02 | U.S.C. § 1145.    ERISA also provides specific mandatory remedies for delinquent

03 | contributions, including, in addition to the unpaid contributions, liquidated damages, interest,

04 | attorney's fees, and costs.  *See* 29 U.S.C. § 1132(g)(2).  As noted, defendant also signed an

05 | Agreement and Declaration of Trust containing terms as to damages owed as a result of

06 | delinquent contributions.

07 | In this case, using defendant's remittance reports, plaintiff calculates total contributions

08 | owed in the amount of $143,101.43 for the period of January 2009 through March 2009.   (*See*

09 | Dkt. 9, ¶ 11 and Exs. C & D.)   Plaintiff further calculates that defendant is obligated to pay

10 | liquidated damages in the amount of $28,620.29, pre-judgment interest, as of April 20, 2009, in

11 | the amount of $801.72, $404.85 in attorneys' fees, and $455.10 in costs.   (*Id*., ¶ 13 and Exs. C

12 | & D; Dkt. 10, ¶¶ 2, 5 and Ex. A.)

13 | The Court finds no issues of fact regarding either the enforceability of the collective

14 | bargaining and trust agreements at issue in this case or plaintiff's entitlement to the total amount

15 | of delinquent contributions, liquidated damages, interest, attorneys' fees, and costs sought.

16 | Accordingly, the Court finds summary judgment appropriate.

17 | For the reasons described above, plaintiff's motion for summary judgment is hereby

18 | GRANTED and plaintiff awarded a total of $143,101.43 in delinquent contributions for the

19 | period from January 2009 through March 2009.   Plaintiff is also entitled to liquidated

20 | damages, interest, attorneys' fees, and costs, as outlined above.   However, because plaintiff

21 | calculated the amounts described above as of April 20, 2009, a revised accounting may now be

22 | in order.   Accordingly, plaintiff shall submit such information within **ten (10) days** of the date

of this Order.

DATED this 29th day of June, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -4